Atkinson, J.,
delivered the opinion of the court:
This is a suit to recover $66 that was withheld from claimant’s salary, which sum was paid by the United States as excess charges on baggage shipped in March or April, 1900, by claimant from San Francisco, Cal., to his home at the city of Washington, D. C.
On February 6,1900, an order was issued detaching claimant from the command of the U. S. S. Monadnock, a vessel at that time at the Asiatic Station, and directing him to proceed to his home. Said order was in accordance with the recommendation of a medical board of survey and was in the following words:
“ United States NavaxJ Fokoe on Asiatic Station,
“ Flagship Brooklyn,
“ Hongkong, China, February 6,1900.
“ Sir: You are hereby detached from the command of the U. S. S. Monadnock, and, in accordance with the recommendation of a medical board of survey, will proceed to your home, reporting your arrival by letter to the Navy Department.
“ Very respectfully,
“ J. C. Watson,
“ Rear Admiral, U. S. A., Commander in Chief,
“ U. 8. Naval Force on Asiatic Station.
“ Captain John McGowan, U. S. N.,
“ U. S. 8. Monadnock.
“ Navy Department.
“ Approved.
“ Chas. H. Allen,

“Acting Secretary A

In conformity with the above order claimant was detached from said vessel February 10, 1900, and returning via San Francisco, Cal., reported his arrival at Washington, D. C., April 1, 1900, and was promptly granted four months’ sick leave by the Secretary of the Navy.
On claimant’s arrival at San Francisco the quartermaster at that station furnished him transportation for two trunks and three boxes of baggage to his home at Washington City, D. C., the charges on same being $66, which sum was paid by the United States; and, as above stated, said amount was deducted from claimant’s salary by the Auditor of the *97 Treasury Department under a decision of the Comptroller of the Treasury in the case of Lieut. Commander John Gr. Quinby August 15,1901 (8 Comp. Dec., 121), which follows:
“ Article 1227, Naval Regulations of 1900, which governed the allowance for transportation of extra baggage when Navy officers were entitled to that allowance, provided for the transportation of baggage on change of station, or, in case of the retirement or death of an officer, for the transportation of the change-of-station allowance of baggage, including personal books and papers, to the home of the officer in the United States or that of his family. No provision was made for the transportation of this baggage allowance to the home of an officer except upon his death or retirement. It is settled that the home of an officer is not a station within the meaning of a regulation of the War Department relating to the payment of mileage to officers changing stations.
“ The claimant was ordered to his home to await orders, and was not changing station or ordered to his home for retirement. He was therefore not entitled to his change-of-station allowance of baggage. The cost of the transportation of his personal effects is therefore a proper charge against his account, and the action of the auditor is affirmed.”
Claimant’s counsel insists that the case of Quinby, supra, is not this ease, because the baggage in that case was shipped after the passage of the act of June 7, 1900 (31 Stat., 685), which provides a rate of 8 cents per mile for all officers in lieu of all traveling expenses ; whereas in the case at bar the baggage for which charge was made was shipped prior to the passage of said act and while section 13 of the Navy personnel act (30 Stat., 1004) was still in force, which act provides that “ Officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are allowed to officers of the Army of corresponding rank,” which includes the transportation of baggage on change of station pursuant to regulations. Hence it is argued that the comptroller’s decision above cited was wrongly applied to this case. With this contention we in part agree, but it does not reach the main point involved in this case.
Inasmuch as section 1227 of the Naval Regulations of 1900, page 250 (which is substantially the same as section *98 1119 of Army Regulations then in force), provides that “ In changing station, such officers’ [naval officers] allowance of baggage will be turned over to an Army quartermaster for transportation, etc.,” renders the word “station” of material importance in the disposition of this suit. Said section further provides that: “ The Quartermaster’s Department of the Army will transport the authorized change-of-station allowance of baggage and professional books and papers of such officers upon retirement, or who die in the service, from their last duty stations to such places within the limits of the United States as may be the home of their families, or as may be designated by their legal representatives or executors ”; and we may add that section 1120 of the Army Regulations is identically the same.
We fail to find any act of Congress that defines in terms the word “ station ” as applied to a case like the one at bar. But it is well settled that the orders, rules, regulations, and instructions issued by the Secretary of the Navy, with such alterations as he may from time to time adopt, when not in conflict with any act of Congress, shall be recognized as controlling (sec. 1547, Rev. Stat., 264). We find, however, that this question was determined by the Supreme Court in the case of United States v. Phisterer (94 U. S., 219) that an officer of the Army who, under the consolidating act of March 3, 1869, is ordered from a military post at which he is doing duty to his home to await orders does not exchange his station within the meaning of section 1117 of the Army Regulations; that the home of the officer to which he is ordered is not a military station; a military “ station ” is merely synonymous with military “ post; ” that in each case it means not an ordinary residence, having nothing military about it, except that one of its occupants holds a military commission, but a place where military duty is performed, or stores are kept or disbursed, or something connected with war or arms is kept or done; in short, an officer’s home is not a “ station ” within the meaning of the Army Regulations.
Since claimant on leaving Hongkong was not ordered to another station, nor had he been retired from the service as a naval officer, but was directed to return to his home at *99 Washington, and on his arrival was granted four months’ leave from active naval service on account of illness, following the decision of the Supreme Court in Phisterer’s case, supra, we must hold that he is not entitled to recover, and his petition is accordingly dismissed, and judgment is entered for the defendants.
It is so ordered.